**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAUSTEVEION JOHNSON,

        Plaintiff(s),

vs.

JAMES FERBER, et al.,

        Defendant(s).

Case No. 2:16-cv-00366-RFB-NJK

REPORT AND RECOMMENDATION

(Docket No. 15)

Pending before the Court is Defendants' motion to enforce settlement. Docket No. 15. Plaintiff filed a response in opposition, and Defendants filed a reply. Docket Nos. 18, 20. The Court held an evidentiary hearing on June 13, 2017. Docket No. 25. As ordered at that hearing, Defendants also filed under seal medical records. Docket No. 28. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion to enforce settlement be granted and that this case be closed.

**I.  STANDARDS**

Federal courts have inherent authority to enforce settlement agreements in pending cases. *See, e.g., in re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994). Even when the case involves a federal cause of action, the construction and enforcement of settlement agreements are governed by state law. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th Cir. 2013). Nevada law requires an offer and acceptance, meeting of the minds, and consideration to constitute an enforceable contract. *May v. Anderson*, 121 Nev. 668, 672 (2005). When there are disputed issues of fact, the Court is required to hold an evidentiary hearing. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

## II. ANALYSIS

The pending motion presents a straightforward factual dispute. Plaintiff sent a demand letter to Defendants' counsel offering to settle this case in exchange for dismissal of the notice of charges in this case and $1,000. Def. Ex. A ("Offer Letter"). That letter is dated November 22, 2016, postmarked November 28, 2016, and has a received stamp from the Attorney General's Office of November 30, 2016. *Id.* Defendants responded through their counsel with their own letter accepting the settlement. Def. Ex. B ("Acceptance Letter"). That letter is dated December 13, 2016. Neither party disputes the existence or authenticity of either of these letters.

The dispute before the Court turns primarily on whether Plaintiff amended his settlement offer by sending an additional letter prior to Defendants' acceptance. In particular, Plaintiff contends that he amended the terms of the settlement offer as presented in the Offer Letter by sending another letter on November 24, 2016.[1] *See* Pla. Ex. 2 ("Amendment Letter"). Defendants argue the Amendment Letter was drafted after-the-fact and was never mailed. Based on the testimony and documentary evidence presented, the undersigned concludes that Defendant did not in fact modify the terms of his initial settlement offer as stated in the Offer Letter by mailing the Acceptance Letter or otherwise, and that there was an offer and acceptance, and meeting of the minds, with respect to the initial settlement offer made.

There are several considerations that support this finding. First, the evidence shows that the Offer Letter was not mailed until November 28, 2016, despite being dated November 22, 2016. In particular, the Offer Letter is postmarked November 28, 2016, which corresponds to the brass slip for legal postage submitted by Plaintiff on that same date. *See* Def. Ex. A at 2; Def. Ex. G; *see also* Hearing Rec. (June 13, 2017) at 10:32 - 10:41 a.m.[2] As such, Plaintiff's timeline of events does not make sense; he represents that he amended his settlement offer through the Amendment Letter on November 24,

---

[1] As discussed below, Plaintiff contends he mailed the letter on November 24, 2016, but it is dated November 24, 2017.

[2] As a transcript of the evidentiary hearing is not currently available, the undersigned will cite herein to the audio recording of that hearing.

2016, which predates his actual mailing of the Offer Letter to Defendants' counsel on November 28, 2016.

Second, upon receiving Defendants' Acceptance Letter, Plaintiff did not indicate that it was invalid because he had amended the terms of the settlement prior to acceptance. Instead, he provided other reasons at that time for why an enforceable settlement agreement had not been reached. *See* Def. Ex. D (letter postmarked December 20, 2016, indicating that the initial "offer is no longer on the table because I'm no longer in desperate need of money"); Def. Ex. F (letter postmarked January 5, 2017, indicating: "We only engaged in settlement negotiations. . . . We never reached any settlement agreement. I never signed anything and you never signed anything"). Had Plaintiff amended the terms of the settlement offer through the Amendment Letter prior to Defendants' acceptance, one would expect that he would have made that known at the time of these exchanges.

Third, Plaintiff contends that the Amendment Letter was sent on November 24, <u>2016</u>, but it was dated "11/24/<u>17</u>." Pla. Ex. 2 (emphasis added). While Plaintiff contends that the wrong year is merely a byproduct of a learning disability, *see, e.g.*, Hearing Rec. (June 13, 2017) at 11:02 - 11:03 a.m.,[3] the mistaken year designation seems more likely to be a byproduct of the letter actually being written after-the-fact in 2017 and a failure to pre-date the letter to 2016. Although this incorrect date standing alone would not carry the day for Defendants, it does add further support to the other evidence in the record that the Amendment Letter was not drafted or sent in November 2016.

---

[3] As ordered by the Court, Defendants filed Plaintiff's medical file under seal. Docket No. 28. While that record shows some mental health issues, the undersigned is not persuaded by Plaintiff's argument that he did not mean what he stated in writing. *See, e.g.*, Hearing Rec. (6/13/2017) at 10:47 a.m., 10:54 - 11:01 a.m. Especially given the evidence in record showing that Plaintiff is an able and successful litigant, *see, e.g.*, Def. Ex. A; *see also* Hearing Rec. (6/13/2017) at 10:47 - 10:49 a.m., the undersigned also does not find that the terms of the settlement were offered in mistake or that the settlement is otherwise unenforceable based on any mental limitations. Lastly, Plaintiff argues that Defendants themselves believed the Offer Letter was incomplete and/or based on mistake because one of their letters asks Plaintiff to sign the enclosed settlement agreement "[a]ssuming the draft agreement accurately reflects the terms of your offer." Hearing Rec. (6/13/2017) at 11:10 - 11:11 a.m.; Def. Ex. C. The undersigned does not similarly infer from this boilerplate language that Defendants did not believe they were entering an enforceable agreement. To the contrary, Defendants' Acceptance Letter clearly identified the two terms of the settlement offer and expressed no doubt that a settlement had been reached, Def. Ex. B, and their consistent position during the ensuing weeks was that a settlement agreement had been reached, *see* Def. Ex. E.

Taken together, the evidence establishes that Plaintiff did not amend the terms of the settlement offer by sending the Amendment Letter as he alleges in responding to the pending motion. The parties reached a settlement agreement when Plaintiff sent Defendants the Offer Letter and Defendants accepted the terms of settlement through the Acceptance Letter. As such, there was an enforceable settlement contract that this case be dismissed in exchange for dismissal of the notice of charges in this case and $1,000.

### III. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that the motion to enforce settlement be granted and that this case be closed.

DATED: June 28, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).